**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3155
_____

YU GAO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent


On Petition for Review of a Decision and Order of
the Board of Immigration Appeals
(BIA No. A077-341-025)

Submitted September 23, 2011

Before: AMBRO, CHAGARES and VANASKIE, Circuit Judges.

(Filed: October 18, 2011)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Yu Gao petitions for review of a decision by the Board of Immigration Appeals

("BIA") denying her motion to reopen her removal proceedings. For the reasons set forth

below, we will deny the petition.

Gao is a citizen of the People's Republic of China and a native of Chang Le City in the Fujian Province. She entered the United States illegally on October 13, 2000 and was detained at the airport by the former Immigration and Naturalization Service ("INS"). INS subsequently issued her a Notice to Appear to answer charges of removability pursuant to 8 U.S.C. § 1182(a)(4)(A), as an arriving alien likely to become a public charge, and 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien lacking a valid visa, travel, or identity document. At a hearing before an immigration judge on February 15, 2001, Gao conceded that she was removable as charged. Shortly thereafter, she filed a defensive application for asylum and related relief, alleging past persecution and a fear of future persecution based on her parents' violation of China's coercive family planning policies. She also asserted that she would be persecuted upon her return to China because she departed from the country illegally. On February 25, 2003 the immigration judge denied Gao's applications for relief. The BIA affirmed the decision on April 15, 2004 and this Court denied her petition for review.

On October 4, 2006 Gao filed her first untimely motion to reopen her removal proceedings before the BIA. She sought asylum based on her impending violation of China's family planning policy, as she had given birth to one child already and was pregnant with a second. The BIA denied the motion on March 16, 2007. It explained that an alien ordinarily may file only one motion to reopen, which must be filed within 90 days of the final administrative order. See 8 C.F.R. § 1003.2(c)(2). The BIA acknowledged that the limits on the timing and number of motions to reopen an alien is

2

permitted to file can be set aside on the basis of changed country conditions, 8 C.F.R. § 1003.2(c)(3)(ii), but concluded that Gao had demonstrated only changes in her personal circumstances, which were insufficient to excuse the untimeliness of her motion. This Court denied her petition for review of that decision on April 23, 2008.

On October 13, 2009 Gao filed the present motion — her second untimely motion to reopen her removal proceedings — this time alleging that she would face persecution upon her return to China because she had committed a violation of China's family planning policy while living in the United States and because she actively practiced Christianity. Gao attached an affidavit explaining that she had given birth to two children in the United States since her arrival. She stated that she had received reports from her family indicating that the Chinese government has recently increased the use of forced abortions and sterilizations to punish such violations of its policies. As an example, she recounted the story of one friend who was forced to undergo sterilization and pay a fine in February of 2009. Gao's affidavit also explained her fear of persecution based on her religious practices. She stated that she first learned about Christianity when she was detained upon arrival in the United States and that she has attended a Baptist Church since that time. She alleged that friends had told her of recent efforts by the Chinese government to increase its suppression of Christian activities in underground and house churches. Specifically, she recounted the story of one friend who claimed to have been arrested, detained, and beaten after attending an underground church gathering.

Gao submitted extensive documentation along with her motion to reopen, in an attempt to demonstrate changed country conditions and a well-founded fear of

3

persecution. This documentation included, among other things, descriptions of China's family planning policies, the 2009 Annual Report of the Congressional-Executive Commission on China, the 2008 United States Department of State Country Report for China, the 2008 United States Department of State International Religious Freedom Report for China, various news articles discussing China's policies on population control and Christianity, and a notice allegedly issued by the Chang Le City Family Planning Bureau stating that the birth of Gao's second child in the United States is not in accordance with the regulations of the National Family Planning committee. In addition, Gao submitted letters from her father and a friend claiming that they had undergone forced sterilization, as well as a letter from the friend who claimed that he was arrested, detained, and beaten after attending a Christian gathering at an underground church.

On July 1, 2010, the BIA denied Gao's motion to reopen, finding that it "exceed[ed] both the time and number limitations for motions to reopen ," Appendix ("App.") 2, and that Gao failed to establish changed country conditions sufficient to excuse such untimeliness. The BIA found that the birth of Gao's second child and her practice of Christianity in the United States constituted changes in her personal circumstances, not changes in country conditions. Moreover, the BIA concluded that there was nothing in the record to suggest that Gao would, in fact, face persecution upon her return to China.

In its written opinion, the BIA identified all of the documents that Gao submitted in support of her motion before determining that little weight could be placed on the official documents from China because Gao "failed to establish [their] authenticity . . . in

4

any manner." App. 3. The BIA also noted that some of the other documents submitted as evidence of changed country conditions had already been thoroughly considered and rejected in <u>Matter of H-L-H- & Z-Y-Z-</u>, 25 I. & N. Dec. 209 (BIA 2010), <u>Matter of S-Y-G-</u>, 24 I. & N. Dec. 247 (BIA 2007), <u>Matter of J-H-S-</u>, 24 I. & N. Dec. 196 (BIA 2007), <u>Matter of J-W-S-</u>, 24 I. & N. Dec. 185 (BIA 2007), and <u>Matter of C-C-</u>, 23 I. & N. Dec. 899 (BIA 2006).

With regard to the possibility of future persecution, the BIA concluded that the evidence indeed reflected that China would regard Gao's children as Chinese nationals, but did not indicate that Gao will be subject to involuntary sterilization as a result. The 2008 State Department Country Report indicates that China relies on economic incentives and coercive measures to enforce its family planning policies, and Gao did not show that such economic harm would amount to persecution. The BIA further concluded that the evidence demonstrated that China allows the practice of Christianity. Though it recognized that some leaders of underground or house churches have reportedly been harassed and detained, it found no evidence to suggest that Gao herself would be subject to any treatment rising to the level of persecution or torture because of her religious practices.

Based on the foregoing, the BIA concluded that Gao failed to meet her burden to prove that reopening was warranted based on changed country conditions. It therefore denied her motion to reopen as untimely. This petition for review timely followed.

II.

The BIA properly exercised jurisdiction over this action pursuant to 8 C.F.R. § 1003.2(c). We have jurisdiction pursuant to 8 U.S.C. § 1252.

We review the denial of a motion to reopen for abuse of discretion. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). "We will not disturb the BIA's decisions unless they are found to be arbitrary, irrational, or contrary to law." Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008).

Generally, an alien may file only one motion to reopen and must do so "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229a(c)(7)(A), (C)(i). These limitations do not apply, however, to motions that rely on evidence of "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.2(c)(3)(ii).

III.

Gao asserts that the BIA abused its discretion in denying her motion to reopen because it selectively considered the evidence in order to find that Gao failed to establish changed country conditions. We disagree. To begin, we cannot conclude that the BIA abused its discretion in holding that neither the birth of Gao's children nor her conversion to Christianity constitutes a change in country conditions. Rather, these events merely establish that her personal circumstances have changed. See Liu, 555 F.3d at 148. Moreover, to the extent that Gao relies on an alleged change in the enforcement of

6

China's policies on family planning and Christianity, she still must demonstrate that her violations of these policies would likely result in her persecution upon return to her home country, in order to prevail on a motion to reopen. See Matter of S-Y-G-, 24 I. & N. Dec. at 251-52. After a thorough review of the evidence, we cannot conclude that the BIA abused its discretion in finding that she had not so demonstrated.[1]

In short, we are persuaded that the BIA took adequate account of the evidence submitted in support of Gao's motion to reopen and reasonably concluded that Gao has not demonstrated changed country conditions sufficient to excuse the untimeliness of her motion to reopen. Accordingly, we hold that the BIA did not abuse its discretion in denying Gao's motion to reopen.

IV.

For the foregoing reasons, we will deny the petition for review.

---

[1] As evidence of changed circumstances in China, Gao presented some official documents from China, including a notice purportedly issued by the Family Planning Office in Chang Le City. Gao failed to authenticate these documents in any manner. See 8 C.F.R. § 287.6. While we have held that failure to authenticate under § 287.6 does not warrant "per se exclusion of documentary evidence, and a petitioner is permitted to prove authenticity in another manner," Gao's failure to authenticate her evidence undermines its evidentiary value. Chen v. Gonzales, 434 F.3d 212, 218 n. 6 (3d Cir. 2005). We, therefore, conclude that the BIA's decision to accord little weight to the official Chinese documents was reasonable. We similarly conclude that the BIA was reasonable in relying, in part, on past decisions to reject Gao's argument that returning to China with two foreign-born children would result in her persecution. See Liu v. Att'y Gen., 555 F.3d 145, 149–50 (3d Cir. 2009).